**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SOPHIA FERRARA & SUSAN SCHETTER,
as heirs-at-law of EDWARD S. GRADUS,
deceased, and co-administrators of the
Estate of Edward S. Gradus,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 26-cv-01041-AWM-BGS

## MEMORANDUM AND ORDER

Plaintiffs, the adult sisters of Mr. Edward S. Gradus and his sole heirs, brought this medical malpractice and wrongful-death action against Defendant United States of America for the alleged negligent interpretation of a cancer screening scan performed on Mr. Gradus on July 24, 2023, by a radiologist at the Robert J. Dole VA Medical Center in Wichita, Kansas. Doc. 1. They allege that Mr. Gradus was deprived of the opportunity to obtain timely and appropriate treatment for his lung cancer due to a delay in diagnosis and died as a result. *Id.*

## I. FACTS AND PROCEDURAL HISTORY

The parties to this action have resolved this case through mediation, and Plaintiffs have moved the Court for an Order approving an agreement between Mr. Gradus's two heirs apportioning the net settlement proceeds on a fifty-fifty basis pursuant to K.S.A. § 60-1905. Doc. 25.

Plaintiffs also move for approval of their counsel's litigation expenses and attorney's fees. Doc. 25.

The Court conducted the hearing required by K.S.A. § 60-1905 via Zoom video on October 22, 2026. Plaintiffs and Defendant appeared through counsel. Ferrara and Schetter are Mr. Gradus's only known heirs, and both had notice of the hearing and were represented at it. Prior to the hearing, counsel for Plaintiffs e-mailed the Court four documents for in camera review, including a detailed itemization of expenses, a copy of the attorney-client agreement between Plaintiffs and their counsel, an accounting statement showing disposition of the entire $450,000.00 settlement, and a notarized agreement, signed by both Plaintiffs, to divide the net settlement proceeds equally (the "Family Settlement Agreement").

## II. LAW AND ANALYSIS

The Federal Tort Claims Act waives the United States' sovereign immunity for certain torts and makes the government liable "in the same manner and to the same extent as a private individual under like circumstances," under the law of the place where the act or omission occurred. 28 U.S.C. §§ 1346(b)(1), 2674. Because this action arose in Kansas, Plaintiffs pursued a survival claim for common-law negligence on behalf of Mr. Gradus's estate and a claim for his wrongful death under the Kansas Wrongful Death Act (WDA), K.S.A. § 60-1901 *et seq*. Under the WDA, "[t]he net amount recovered in any such action, after the allowance by the judge of costs and reasonable attorneys fees to the attorneys for the plaintiffs, in accordance with the services performed by each if there be more than one, shall be apportioned by the judge upon a hearing, with reasonable notice to all of the known heirs having an interest therein." K.S.A. § 60-1905. Only the wrongful-death recovery is apportioned under § 60-1905; a survival recovery belongs to the estate.

**A) The apportionment, attorney's fees, and litigation costs are reasonable and approved by the Court**

Having reviewed the record and heard from the parties, the Court grants Plaintiffs' request for approval, Doc. 25. The Court concludes that both the attorney's fees and itemized costs are reasonable and approves attorney's fees of $87,730.54 and litigation expenses of $11,347,29. The Court notes the attorney's fees are 20% of the settlement, net expenses, which is below the 25% cap that the FTCA places on attorney's fees in a settlement reached after suit is filed, 28 U.S.C. § 2678, and it is reasonable under the factors in Kansas Rule of Professional Conduct 1.5(a), including the time and labor required, the results obtained, and the contingent nature of the fee. After fees and expenses, the net settlement proceeds of $350, 922.17 shall be divided equally between Mr. Gradus's sisters, as the Family Settlement Agreement provides.

**B) Plaintiffs have not justified sealing, but limited redaction is appropriate**

Plaintiffs also orally moved the Court to seal the itemization of expenses and the portions of the attorney-client agreement that are unrelated to the amount of attorney's fees incorporated in this Order. Defendant takes no position on Plaintiffs' request to seal limited portions of the documents the Court reviewed in camera.

A party seeking to file court records under seal must overcome a strong presumption that the public has a common-law right to access judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation omitted). And to do so the parties "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). The moving party "bears a heavy burden," *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994), and "any denial of public access to the

record must be narrowly tailored to serve the interest being protected by sealing or restricting access to the records." *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019) (cleaned up). This Court must also consider whether redactions to a document would adequately protect the interests of the party seeking the seal. *Pickard*, 733 F.3d 1297, 1304 (10th Cir. 2013).

Plaintiffs argue that the settlement amount, the fees and expenses, and the division of the net proceeds will all be in the public record through this Order. Publishing each line-item expense and the terms of the attorney-client agreement unrelated to fees, they contend, would intrude on counsel's work product without serving any legitimate public interest.

The Court agrees that the line-item expenses and the terms of the attorney-client agreement unrelated to fees may be redacted. But Plaintiffs have not shown that sealing the documents in full is necessary, and redaction adequately protects the interests they identify. *See Pickard*, 733 F.3d at 1304. The Court therefore denies the request to seal and orders Plaintiffs to file redacted versions of the attorney-client agreement and the itemization of expenses within fourteen days of this Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Approval of Agreed Apportionment of Wrongful Death Settlement Proceeds and Motion to Dismiss with Prejudice, Doc. 25, is **GRANTED IN PART** as set out below**.**

**IT IS FURTHER ORDERED** that the Court approves attorney's fees of $87,730.54 and litigation expenses of $11,347.29, and that the net settlement proceeds of $350,922.17 are apportioned equally between Plaintiffs: $175,461.09 to Sophia Ferrara and $175,461.08 to Susan Schetter.

**IT IS FURTHER ORDERED** that Plaintiffs' request to seal is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file the Family Settlement Agreement, the accounting statement, and redacted copies of the itemization of expenses and the attorney-client agreement on the public docket within fourteen days.

**IT IS FURTHER ORDERED** that Plaintiffs' request to dismiss is **DENIED AS MOOT**, and that by **November 16, 2026**, the parties shall file a stipulation of dismissal signed by the parties who have appeared in this case, under Rule 41(a)(1) of the Federal Rules of Civil Procedure. If no such stipulation is received within the specified time, this Order shall constitute, for purposes of Rule 58 of the Federal Rules of Civil Procedure, the Court's entry of judgment of dismissal with prejudice under Rule 41(a)(2).

**IT IS SO ORDERED.**

Dated this $29^{h}$ day of October, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge